IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.:
DIVISION:

KAREN BROWN, and LOUIS BROWN, III individually and as
next friends of LOUIS BROWN, IV

        Plaintiffs,

vs.

CRACKER BARREL OLD COUNTRY
STORE, INC.

        Defendant.

_____

## COMPLAINT

COMES NOW Plaintiffs, KAREN BROWN, individually and as next friend of LOUIS BROWN, IV and LOUIS BROWN, III, and sues Defendant, CRACKER BARREL OLD COUNTRY STORE, INC, and states:

### FACTUAL ALLEGATIONS

1. This is an action for damages in excess of $50,000, exclusive of attorneys' fees, interest and costs; and as per Order of the Florida Supreme Court, counsel will complete a civil cover sheet with a dollar figure as an estimated amount of claim for data collection and clerical processing purposes only, the full monetary value of the damages suffered by Plaintiff is yet to be determined and will be decided in a verdict by the jury that judges the facts of this action in compliance with Article I, Section 21, Florida Constitution.2.

2. At all times material hereto, Plaintiffs were residents of Richmond County, Georgia.

3. Defendant, CRACKER BARREL OLD COUNTRY STORE, INC, is a FOREIGN corporation authorized to operate in and under the laws of the Florida and may be served through its registered agent CT CORPORATION SYSTEM at 1200 S. Pine Island Road, Plantation, FL 33324.

4. At all times material hereto, the Defendant expressly assumed responsibility for the maintenance of the Cracker Barrel restaurant located at 4272 Eldridge Loop, Orange Park, Fl 32073 in Clay County, Florida and had a duty to maintain same in a reasonably safe condition for the use of invitees and guests.

5. At all times material hereto, Defendant expressly assumed responsibility for the proper training of its wait staff and cooks and servers on the correct and safe handling of food and beverages including the correct manner by which beverages were to be prepared and dispensed to customers and to assure that beverages served to customers were fit for human consumption and did not expose customers to unreasonably dangerous and or hazardous conditions.

6. Cracker Barrel is a restaurant that serves food and beverages. As part of its service to customers, Cracker Barrel, employs waiters and servers who transport food and drinks to customers at its restaurant. The Cracker Barrel dining area includes a seating area for patrons who are directed to their seats by employees of Cracker Barrel and all food and beverages served at Cracker Barrel are in the exclusive control of Cracker Barrel and prepared by Cracker Barrel on its premises. The food and beverages prepared by Cracker Barrel is transported from its kitchen to the dining area where patrons are seated. Servers transport drink and food past the prep area out into the larger dining room as well. Cracker Barrel employees approach seated customers with food and drinks on a tray and

      they are removed by the waiter/ server to be placed on the table where patrons are seated.

7. On the day of the incident complained of Louis Brown, IV was a minor child of 17 months. He was brought to the Cracker Barrel restaurant by his parents to consume food and beverages served at the restaurant. As such, Louis Brown, IV was an invitee of Defendant and Defendant was a common carrier owing the Plaintiffs the highest duty known in the law.

8. On or about May 14, 2023, Plaintiff, Louis Brown, IV visited defendants premises as stated in paragraph 7 above and while there, a cup of hot coffee with no lid on it, or that was attached improperly, or was defective was brought to Plaintiffs' table for service by a server who improperly carried or secured the serving tray and the coffee cup contained thereon and as a result the entire contents of the coffee cup spilled onto the minor Plaintiff. Said coffee was too hot for human consumption and was virtually certain to cause injury when it came into contact with human skin.
Alternatively, On or about May 14, 2023, Plaintiff Louis Brown IV visited the Defendant's premises, and while there, a server brought a cup of hot coffee to the table. The cup had no lid, and the server mishandled the tray, resulting in the coffee spilling onto the minor Plaintiff.

9. At all times material, Defendant had a duty to Plaintiff, Louis Brown, IV, as its guests and invitee to maintain the premises in a reasonably safe condition to protect Plaintiff from dangers or defects about which the Defendant would have or should have been aware through the use of ordinary and reasonable care and this duty included properly training its wait staff on the transport and securing of hot beverages and in preparing hot beverages in a manner that makes them fit for human consumption and does not expose

patrons to unreasonable danger.

## COUNT I. NEGLIGENCE OF CRACKER BARREL

10. Plaintiffs realleges paragraphs 1 through 9 above.

11. At said time and place, Plaintiffs were guests of the restaurant and the restaurant was a common carrier which owed Plaintiffs a duty to exercise diligent, extraordinary and reasonable care for their safety.

12. That at said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a. Negligently failing to adequately place a lid on top of the cup of hot coffee thereby creating a hazardous condition to members of the public including Plaintiff thereby creating an unreasonably dangerous condition for a Plaintiff;

   b. Negligently failing to inspect or adequately inspect the lid on the top of the hot cup of coffee and in it the cup itself as specified above to ascertain whether the lid and the contents contained or constituted a hazard to customers including the Plaintiff thereby creating an unreasonably dangerous condition to the Plaintiff;

   c. Negligently failing to inspect or adequately warn the plaintiff of the danger of the lid of the cup of hot coffee when Defendant knew or through the exercise of reasonable care should have known that said was unreasonably dangerous in that Plaintiff was unaware of same and;

   d. Negligently failing to correct or adequately correct the unreasonably dangerous condition of the lid on the cup of hot coffee, or the cup of coffee itself, when the condition was either known to defendant or had existed for a sufficient

length of time such that defendant should have known of the same had defendant exercised reasonable care.

13. As a result, while Plaintiff was visiting Defendant's business a patron in Plaintiffs' party purchased a cup of hot coffee when it was negligently allowed to fall from the busing tray by an employee of the business and the hot coffee spilled onto the head face neck and upper torso of plaintiff causing serious burn injuries.

14. As a direct and proximate result, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiffs demand judgment for compensatory damages against Defendants and trial by jury.

## COUNT II PARENTAL CONSORTIUM CLAIM

15. This is an action in negligence seeking damages in excess of $50,000.00 exclusive of costs.

16. That all times material hereto, Plaintiffs, the parents of Louis Brown were residents of Richmond County, Georgia.

17. Plaintiffs reallege and incorporate by reference herein all allegations contained in paragraphs 1 through 13 and further allege:

18. As a proximate result thereof, Plaintiffs' minor child suffered immediate bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish,

loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are permanent, continuing, and total and the Plaintiffs will suffer the losses in the future.

19. As a result of the said accident complained of herein, Plaintiffs were obliged to expend and become liable for doctors' bills and other expenses for their minor child and was deprived of the society and companionship of the minor child.

WHEREFORE, Plaintiffs demand judgment for compensatory damages against Defendants and trial by jury.

Respectfully Submitted,

**THE WALKER LAW OFFICES, P.A.**

_____
Willie J. Walker, Esquire
Florida Bar Number 0464767
Rachel D. Burney, Esquire
Florida Bar Number 1028104
625 West Union Street, Suite 3
Jacksonville, FL 32202
Telephone: (904)358-7104
Facsimile: (904)353-3702